UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHLAKE SHIPYARD, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC STAR, Official No. 512076, its Engines, Machinery, Appurtenances, etc., *In Rem*; <br><br> Defendant. | IN ADMIRALTY <br><br> Case No. <br><br> COMPLAINT TO FORECLOSE MARITIME LIEN *IN REM* |

Plaintiff NORTHLAKE SHIPYARD, INC. ("NSI") alleges:

**I.**

This is a matter of admiralty and maritime jurisdiction under 46 U.S.C. § 31322 and § 31325 and within the meaning of Rule 9(h).

**II.**

At all times material herein, defendant PACIFIC STAR, Official No. 512076, its engines, machinery, appurtenances, etc. ("Vessel") was a vessel duly documented under the laws of the United States and was owned by Nakoa Fishing, Inc. ("NFI"). Said Vessel is within this District and within the jurisdiction of this Court.

**III.**

The action to foreclose a maritime lien is a matter of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 31341 *et seq.*, and Fed. R. Civ. P. § 9(h).

**IV.**

Between May 1, 2007 and the present, NSI has performed necessaries for the Vessel at the request of the Vessel's owner, NFI. Plaintiff has a maritime lien on the Vessel for the value of $53,409 in moorage and related services provided through the date hereof, with charges continuing to accrue hereafter.

**V.**

The Vessel and NFI have refused to pay NSI for the full value of necessaries rendered to the Vessel, and there is now due and owing to NSI the sum of $53,409, subject to adjustment, plus interest.

WHEREFORE, NSI prays for judgment as follows:

1. That this Court grant NSI judgment against the Vessel *in rem* for:

    a. The sum of $53,409, plus interest as provided by law;

    b. Reasonable attorneys' fees; and

    c. The costs of this action including charges for all fees for keepers and their costs incurred in this action and for all expenses for the sale of the Vessel, her engines, machinery, and appurtenances, etc.

2. That NSI. be adjudged the holder of a maritime lien for services, moorage, storage, and repairs provided to the Vessel, for the payment of sums due including costs, and that this Court declare this lien to be superior to all other liens which may exist against the Vessel.

COMPLAINT TO FORECLOSE MARITIME LIEN
*IN REM*- 2

**HOLMES WEDDLE & BARCOTT**
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

3. That the said maritime lien be foreclosed and said defendant Vessel be sold by the U.S. Marshal and the proceeds of the sale be applied and delivered to pay demands and claims of NSI in the amount and to the extent as specifically set forth herein, together with costs, and that it be declared that any and all persons, firms or corporations claiming any interest in the defendant Vessel are forever barred and foreclosed of and from all rights of equity or redemption or claim in and to the defendant Vessel.

4. That process in due form of the law issue against the Vessel, *in rem*.

5. That at the sale of the Vessel by the U.S. Marshal, NSI be permitted to bid, without cash deposit, its judgment, accrued costs and attorneys' fees, up to the full amount thereof.

6. That NSI have such other and further relief as in law and equity it may be entitled to receive.

DATED this 15th day of February, 2011.

HOLMES WEDDLE & BARCOTT

s/ John E. Casperson
John E. Casperson, WSBA #14292
Attorneys for Plaintiff

COMPLAINT TO FORECLOSE MARITIME LIEN
*IN REM* - 3

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

## VERIFICATION

UNITED STATES OF AMERICA )
) ss.
STATE OF WASHINGTON )

E. Peter Kelly, being first duly sworn, upon oath deposes and states upon information and belief:

I am the President of Northlake Shipyard, Inc. I have read the above and foregoing complaint, know the contents thereof and believe the same to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
E. PETER KELLY